615 A.2d 905

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Ina Lee RILEY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Aug. 31, 1992.

260

Jerry W. Brown and Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

No appearance for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the Court of Common Pleas of Westmoreland County which sustained Ina Lee Riley's appeal from DOT's three-month suspension of the registration privilege on Riley's 1987 Buick Sedan (vehicle). We reverse.

On April 29, 1991, DOT suspended Riley's registration privilege for three months pursuant to Section 1786(d) of the Vehicle Code, 75 Pa.C.S. § 1786(d), because Reliance Insurance Company (Reliance) had notified DOT that Riley's automobile liability insurance (insurance) had lapsed, effective January 1, 1991. Riley appealed to the trial court which held a *de novo* hearing.

At the hearing, DOT offered into evidence documents [1] which included its suspension notice and Reliance's communication to DOT, regarding Riley's failure to pay premiums that were due on or before January 1, 1991. Reliance's communication also explained that it had issued a lapse notice to Riley on January 14, 1991, offering her a grace period and indicating that coverage would continue without interruption, provided they receive the full $252.33 overdue premium by February 3, 1991 (grace period). (38a).

Riley testified that she mailed a check to Reliance in February, 1991, although she could not recall the exact date (21a). The evidence, however, shows that Riley's cancelled check (42a), had not been drawn until February 8, 1991, five

---

1. 42 Pa.C.S. §§ 6103 and 6109 allows certain documents or copies thereof to be introduced into evidence under the seal of the public officer whose official duties concern the governmental unit in question.

days after the end of the grace period. Furthermore, the check was only for $127.66, less than the full payment required by Reliance to reinstate the policy.[2]

Riley testified that she only became aware of Reliance's cancellation of her insurance when notified by the lien holder on her vehicle sometime in February, 1991. Riley testified that she subsequently contacted her insurance agent, the Westmoreland Insurance Company (Westmoreland), and, thereafter, acquired new insurance with another company, effective March 29, 1991. Riley asserted that she believed her policy with Reliance was still in effect because she had made late payments in the past and Reliance had always accepted them. Riley admitted receiving the notice that her premium was due on January 1, 1991, but denied receiving notice that her policy had lapsed. Riley admitted that she continued to operate the vehicle during the period in question and does not deny that she was not insured from January 1, 1991 through March 29, 1991.

The trial court entered an order, sustaining Riley's appeal on the basis that she was unaware of the cancellation and that she acted "reasonably and promptly" to obtain other coverage. (63a).

■ To this Court,[3] DOT argues that the trial court erred as a matter of law in sustaining Riley's appeal because it infused an element of intent into 75 Pa.C.S. § 1786(d) and because it permitted a collateral attack upon the cancellation of the insurance by Reliance.

2. Riley also testified that she made an additional payment on March 4, 1991, in the amount of $124.67. The evidence also showed that in keeping with their standard procedures, Reliance deposited Riley's checks and then issued their own refund check, attaching notices explaining its reasons for returning the money. Reliance's checks were forwarded to Westmoreland who applied the funds to premiums for Riley's new insurance policy.

3. The scope of review of this Court on appeal from a trial court is limited to determining whether the findings of fact are supported by competent evidence of record, an error of law was committed, or whether the trial court manifestly abused its discretion. *Department of Transportation v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984).

DOT suspended Riley's registration for a period of three months, pursuant to 75 Pa.C.S. § 1786, which provides in pertinent part:

§ 1786. Required financial responsibility.

(a) General rule.—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

\*     \*     \*     \*     \*     \*

(d) Suspension of registration and operating privilege.—The Department of Transportation shall suspend the registration of a vehicle if it determines that the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to restoration of operating privilege or vehicle restoration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department, accompanied by the fee for restoration provided by section 1960. This section shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility for a period less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

\*     \*     \*     \*     \*     \*

In order to sustain its burden of proof, DOT must establish: (1) that the vehicle in question is of a type required to be registered in the Commonwealth; and (2) that the

required automobile liability insurance had been cancelled or otherwise terminated. Once DOT establishes these two facts, the burden shifts to the registrant to show that Section 1786(d) is inapplicable because the lapse in the automobile liability insurance was for a period of less than 21 days. Additionally, the registrant must show that the vehicle in question was not operated during the period of lapse. *See Department of Transportation v. Andrews,* 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991).

There is no dispute that Riley's vehicle must be insured in this Commonwealth. Furthermore, the evidence is uncontroverted that Riley's coverage had lapsed effective January 1, 1991 and that the replacement insurance was not effective until March 29, 1991, 88 days from the cancellation date and 54 days past the grace period Reliance offered Riley. Riley also testified that she continued to drive the vehicle while her coverage lapsed.

■ Despite the trial court's acknowledgement that Section 1786 does not contain a scienter element, the trial court, nonetheless, held that "strong equities" superseded "strong law" and allowed Riley to prevail because of her alleged lack of knowledge of the insurance cancellation. (63a). DOT asserts that the trial court erred in incorporating an element of intent into Section 1786 which is clearly not present in the plain unambiguous language of the statute. We agree.

The General Assembly has determined that vehicles required to be registered prior to their operation on highways within this Commonwealth, must be covered by some acceptable form of financial responsibility. 75 Pa.C.S. §§ 1785 and 1786(a). The purpose of Sections 1785 and 1786(a) is to ensure that some minimal level of compensation would be available for victims of motor vehicle accidents. Furthermore, individuals registering their motor vehicles must sign a form which acknowledges that their registration may be suspended if they fail to maintain liability insurance on their vehicle during the period of registration. 75 Pa.C.S. § 1781; *see also Department of Transportation v. Thomas,* 143 Pa.Commonwealth Ct. 531, 537 n. 7, 600 A.2d 237, 240 n. 7 (1991).

Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), provides that, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." A court can neither incorporate additional elements into a statute, or resort to "alternative" rules of statutory construction, under the pretext of satisfying an alleged implied element of the statute. *See Department of Transportation v. Empfield*, 526 Pa. 220, 585 A.2d 442 (1991); *Allright Auto Parks v. Zoning Board of Adjustment*, 107 Pa.Commonwealth Ct. 448, 529 A.2d 546 (1987). Nothing in the language of Section 1786 explicitly or impliedly suggests a scienter requirement.

In *Department of Transportation v. Hill*, 117 Pa.Commonwealth Ct. 160, 543 A.2d 211 (1988), DOT suspended Hill's driver's license for failure to have liability insurance and Hill appealed. The trial court excused Hill from the automobile liability insurance requirement because the insurance agent failed to place his vehicle on the policy as Hill had requested, causing Hill to be unaware that he was not insured when the vehicle was involved in an accident. We reversed the trial court holding that Section 1785 [4] does not contain a provision which excuses a failure to maintain financial responsibility.

When the common pleas court finds that the licensee has committed the violation for which the penalty was imposed, it is a manifest abuse of discretion to modify the penalty because the court disagrees with the penalty. *Department of Transportation, Bureau of Driver Licensing v. Ratliff*, 114 Pa.Commonwealth Ct. 121, 538 A.2d 599 (1988). The trial court has but two choices; it may affirm the penalty because the law as applied to the facts establishes a violation of the statute, or it may reverse because the facts do not establish a violation. *Department of Transportation*,

4. Section 1785 provides:
   If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

*Bureau of Driver Licensing v. Miller,* 107 Pa.Commonwealth Ct. 458, 528 A.2d 1030 (1987).

Here the trial court found that the licensee had violated Section 1785 of the Motor Vehicle Code. In such circumstances, the trial court 'may not, because of the possible unfairness or inequity of the result, reverse the [DOT] or modify the penalty imposed.' *Ratliff,* 114 Pa.Commonwealth Ct. at 124, 538 A.2d at 600 (quoting *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa.Commonwealth Ct. 260–262, 351 A.2d 694–695 (1976)). *Hill* 117 Pa.Commonwealth Ct. at 162–63, 543 A.2d at 212–13.

While the trial court concluded that Riley acted reasonably and promptly to obtain renewal of her insurance coverage and that it would be inequitable to suspend her vehicle's registration under the circumstance,[5] Riley did acknowledge receiving the January 1 renewal notice and the subsequent offer of a grace period.

■ In *Federal Kemper Insurance Co. v. Insurance Department,* 509 Pa. 1, 500 A.2d 796 (1985), the Supreme Court held that an insured's failure to pay the policy premium constitutes an "overt act" by the insured of cancelling the insurance policy. Riley's failure to pay the premium by January 1 or within the grace period is, in effect, a cancellation by Riley of the insurance. We hold that the statute here does not excuse Riley's failure to retain proper insurance coverage because the only exceptions available are renewed coverage within 20 days *and* not driving the vehicle during the uninsured period.[6] This burden is not upon DOT, but is for the registrant to prove. Riley did not meet this burden.

■ DOT also asserts that Riley's complaints to the trial court were collateral attacks upon Reliance's cancellation of

5. The trial court appeared to place the blame upon Reliance for forwarding the refund checks to Westmoreland rather than to Riley herself.

6. In the alternative, Riley could have surrendered her registration card and plate as provided for in Section 1786(g)(2). Otherwise, she would have had to qualify under the act of military duty personnel exemption of Section 1786(d)(2).

her insurance and were beyond the scope of the appeal in this matter. We again agree.

Sections 8, 9 and 10 of the Insurance Act, Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.8, 1008.9 and 1008.10, provide a method by which an insured, who may have been illegally cancelled or refused renewal of an insurance policy, can obtain a review of the insurer's actions. This is the exclusive remedy to challenge an alleged violation of the Commonwealth's insurance laws and a vehicle owner may not collaterally challenge such a cancellation in the context of an appeal from an operation or registration privilege suspension imposed by DOT.[7]

By asserting that she did not receive notice of the cancellation of her policy with Reliance, Riley is essentially maintaining that the suspension of her vehicle is Reliance's fault and that Reliance's actions were in violation of the insurance code. If true, Riley's claim would be the proper subject of a proceeding before the Insurance Department under 40 P.S. § 1008.8. However, such a challenge is not the proper subject of an appeal from DOT's suspension of her registration.

For the reasons set forth above, we reverse.

PALLADINO, J., dissents.

## ORDER

AND NOW, this 31st day of August, 1992, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby reversed in accordance with the foregoing opinion.

---

7. We have consistently refused to permit motorists to attack defects in criminal proceedings in subsequent collateral civil proceedings such as an appeal from a license suspension which is imposed as a result of a criminal conviction. *Department of Transportation v. Kintigh,* 52 Pa.Commonwealth Ct. 12, 415 A.2d 436 (1980); *Department of Transportation v. Lea,* 34 Pa.Commonwealth Ct. 310, 384 A.2d 269 (1978).