## PennDOT v. Sassaman

*Francis P. Bach, deputy counsel,* for PennDOT.
*Gregory B. Abeln,* for petitioner.

BAYLEY, *J.,* October 22, 1992—The facts stipulated in the record on this appeal by petitioner, Brandon S. Sassaman, from the suspension of his motor vehicle registration privilege for 90 days by respondent, Department of Transportation, are as follows. Petitioner owns a 1979 Volkswagen registered in Pennsylvania. It was insured by State Farm Mutual Automobile Insurance Co. On June 2, 1992, the Department of Transportation notified petitioner that it had received a report from State Farm that the insurance was terminated on May 11, 1992. The notice advised petitioner that he must submit proof of insurance to the department, with the following proviso:

"However, if there has been a lapse in insurance coverage, you must provide this bureau with proof of insurance indicating an effective date of coverage of 21 days or less from May 11, 1992, along with current proof of insurance. In addition please provide an affidavit stating that the vehicle was not operated during this time.... If

your vehicle is in storage or inoperable at this time and you wish to prevent suspension of your vehicle registration; you must immediately surrender any current registration card and license plate for the described motor vehicle to the department at the time insurance coverage terminated or financial responsibility lapsed."

On May 11, 1992, petitioner's insurance with State Farm was terminated when he failed to pay a premium because of lack of funds. When the insurance lapsed, petitioner parked the Volkswagen at the home of his father where it has remained. It has not been operated since. The registration plate has remained on the vehicle. On June 12, 1992, petitioner obtained insurance coverage from the Pennsylvania Automobile Insurance Plan effective June 12, 1992, through June 12, 1993. That insurance remains in effect. On August 7, 1992, petitioner received another notice from the department:

"You were recently requested to provide proof of financial responsibility covering the operation of the described motor vehicle. This information was requested as a result of this bureau being notified by State Farm Mutual Auto Insurance Co., that the insurance policy covering the vehicle was terminated on May 11, 1992. Either no response was received or the information you provided indicated a lapse in coverage in excess of 21 days.... *Your registration privilege will be suspended for three months* effective September 14, 1992 ... *as authorized by section 1786(D) of the Vehicle Code.*" (emphasis added)

The department acted on what it claims is a mandatory three months suspension of registration privileges under sub-chapter H of the Pennsylvania Motor Vehicle Responsibility Financial Law, entitled. "Proof of Financial Responsibility" as 75 Pa.C.S. §1786. The Act provides in pertinent part:

154

*"(d) Suspension of registration and operating privilege*—The Department of Transportation *shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.* The operating privilege shall not be restored until the restoration fee for the operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. *Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960.* This subsection shall not apply in the following circumstances:

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." (emphasis added)[1]

---

1. Section 1786(g)(2) provides:

"No person shall be penalized for maintaining a registered motor vehicle without financial responsibility under subsection (d) if the registration and license plates were surrendered to the Department of Transportation at the time insurance coverage terminated or financial responsibility lapsed."

Section 1786(d) of the Financial Responsibility Law does not authorize a specific three-month suspension of registration privilege for failure to maintain financial responsibility. Rather, the suspension authorized for that conduct is indefinite. By imposing a three-month suspension of petitioner's registration privilege, as contrasted to an *operating* privilege, the department has misapplied the specific penalty for the *operation* of a vehicle that lacks financial responsibility by confusing it with the penalty for *maintaining* an uninsured registered vehicle. As noted in *Koch v. PennDOT,* 111 Dauphin L.J. 28 (1991), the confusion arises due to:

"The incorporation of two separate penalties within the single opening sentence of 75 Pa.C.S. §1786(d)—the right to suspend a motorist's registration if he fails to maintain financial responsibility, and the second, and distinct, power to suspend his operating privileges for three months if he operates his vehicle, or allows it to be operated, without insurance coverage. The latter penalty is the only one to which the three-month period applies; and we see nothing in the statute's language that indicates that this time limit can be, or was meant to be, transferred to any other sanction. This determination to maintain a distinction between these two penalties is further underlined by the fact that the second sentence of section 1786(d) provides for the method of reinstating one's operating privileges while the third sentence sets forth a parallel, but separate, approach to securing a restoration of one's registration. Since this statute was drawn to allow for the fact that one can allow one's insurance to lapse, without compounding the offense by driving the uninsured vehicle in the interim, it would blur the legislative purpose of this law if we were to treat those two transgressions as interchangeable."[2]

2. *Koch* is currently before the Commonwealth Court, No. 2168 CD 1991.

The title to subsection (d) of section 1786 further supports the above analysis because it specifically provides for the suspension of two types of privileges, "registration and operating." (emphasis added) Operating a motor vehicle without financial responsibility is a summary offense under 75 Pa.C.S. §1786(f). If the department determines the vehicle has been operated during any period of lapse of insurance, it must suspend the operating privileges of the owner or registrant for three months under 75 Pa.C.S. §1786(d). In the present case the department has stipulated that petitioner did not operate his vehicle during the lapse of insurance for a period of more than 21 days between May 11 to June 12, 1992, thus he is not subject to that type of suspension. *Maintaining*, as contrasted to *operating*, a registered vehicle without financial responsibility subjects the registrant to an *indefinite suspension of the registration of the vehicle* under 75 Pa.C.S. §1786(d).[3] However, the registrant may secure a restoration of registration from an indefinite suspension at any time upon furnishing proof of financial responsibility and submitting an application to the department with the required fee. The purpose in allowing the suspension of the registration of an uninsured vehicle for an indefinite period is to prevent *anyone* from operating it when there is a lack of financial responsibility. The department's reliance on *PennDOT v. Riley*, 150 Pa. Commw. 259, 615 A.2d 905 (1992), is misplaced. In

---

3. Maintaining a registered vehicle during any period of time without financial responsibility also prevents the registrant from recovering first-party benefits arising out of any accident involving a motor vehicle. 75 Pa. C.S. §1714; *Mowery v. Prudential Property & Casualty Insurance Co.*, 44 D.&C.3d 652 (1987), *aff'd*, 369 Pa. Super. 494, 535 A.2d 658 (1988).

*Riley*, the Commonwealth Court held that no element of intent can be infused into 75 Pa.C.S. §1786(d), nor can there be a collateral attack on the cancellation of the insurance in an appeal from the department's suspension of a registration privilege. While the Commonwealth Court did conclude that "the statute ... does not excuse ... failure to retain proper insurance coverage because the only exceptions available are renewed coverage within 20 days and not driving the vehicle during the uninsured period," or the "surrender [of] registration card and plate as provided for in section 1786(g)(2)," or qualification "under the Act of military duty personnel exemption of section 1786(d)(2)," it did not have before it an issue as to the type or length of the two distinct types of suspensions authorized in the statute for different types of conduct. Thus, while at first glance *Riley* appears to be applicable to this case, the issue we resolve was not decided in that case. Accordingly, as we have done in *Crouse v. PennDOT*,[4] *PennDOT v. Doolan*,[5] and *Forsythe v. PennDOT*,[6] we will reverse the three-month suspension upon which notification, was provided to petitioner on August 7, 1992. Since petitioner is now insured he need not submit a fee and file an application for restoration of registration privileges.

## ORDER OF COURT

And now, October 22, 1992, the order of suspension of petitioner's registration privilege for a period of three months by notice dated August 7, 1992, is reversed.

---

4. No. 3554 Civil 1991 (slip opinion filed December 6, 1991).
5. No. 3504 Civil 1991 (slip opinion filed December 6, 1991).
6. No. 100 Civil 1992 (slip opinion filed March 5, 1992).