## Eberly v. PennDOT

*Raymond P. Kashimba,* for petitioners.
*Frank M. O'Neill, deputy counsel,* for PennDOT.

O'BRIEN, *J.,* November 19, 1992—

### FINDINGS OF FACT

(1) On March 8, 1992, Geico Indemnity Co. issued a renewal of an automobile insurance policy meeting the requirements of the Financial Responsibility Act to the petitioners covering two automobiles registered in the name of the petitioners. This renewal continued coverage for the petitioners with the same insurance company which had been in existence for approximately 20 years.

(2) On June 18, 1992, the petitioners mailed a check in payment of a monthly premium to continue their coverage in effect which was received by Geico Indemnity Co. and negotiated with their bank on Monday, June 22, 1992. The aforesaid payment was due and owing to Geico as of June 21, 1992, which was a Sunday.

(3) On or about July 5, 1992, the petitioners received a refund check from Geico Indemnity Co. in the amount of their payment made on June 18th. The notation on the refund check indicated that the payment had been received late and, therefore, their policy had been canceled. On July 8, 1992, the petitioners secured insurance coverage meeting the requirements of the Financial Responsibility Act for both automobiles with Commercial Union Insurance Co.

(4) On August 24, 1992, the Department of Transportation notified petitioners that their registration privileges would be suspended for a period of three months for failure to maintain insurance with respect to both automobiles.

## DISCUSSION

The Financial Responsibility Act as amended effective July 10, 1990, provides in pertinent part as follows:

"(d) *Suspension of registration and operating privilege*—The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department

and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa.C.S. §1786.

Petitioners contend that their insurance coverage did not lapse for a period of 21 days and, therefore, they should not be subject to the suspension. On the other hand, counsel for PennDOT relies on a recent decision of the Commonwealth Court in *PennDOT v. Riley,* 150 Pa. Commw. 259, 615 A.2d 905 (1992). In that case, the Commonwealth Court held that the Department of Transportation need only establish that petitioner owned a vehicle required to be registered and that the automobile liability insurance had been canceled. However, the *Riley* case is distinguishable from the case at bar in that the insurance company notified the vehicle owner of its intent to cancel the policy and afforded a grace period for the payment of premium to continue coverage. Indeed such notification is required by the following provision of the Automobile Insurance Act:

"No cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall deliver or mail, to the named insured at the address shown in the policy a written notice of the cancellation or refusal to renew." 40 P.S. §1006.5.

In the case at bar, the documentary evidence submitted by the Commonwealth fails to establish any notice of cancellation as required by the above quoted provision. Instead the Commonwealth documents present a myriad of conflicting information which we do not find reliable or credible. Correspondence between an insurance carrier

212

and PennDOT is no substitute for a written notice of cancellation to the policy holder required by statute.

### CONCLUSIONS OF LAW

(1) The Department of Transportation has failed to establish that the required automobile liability insurance on the petitioners' vehicles had been canceled.

(2) Petitioners have established the conditions set forth in subsection (d)(1) of 75 Pa.C.S. §1786 as to the period of lapse of coverage, if any.

(3) The notice of suspension by the Department of Transportation issued to petitioners was conditional and fails to meet the requirements of due process as a final notice of suspension. *PennDOT v. Andrews,* 143 Pa. Commw. 601, 600 A.2d 622 (1991).

### ORDER

And now, November 19, 1992, the orders of the Department of Transportation of the Commonwealth of Pennsylvania dated August 24, 1992, suspending the registration privileges of Titus Eberly and Maria Eberly, his wife are reversed.