630 A.2d 945

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING

v.

Donna L. PORTER, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1993.

Decided Aug. 18, 1993.

Michael J. McElligott, for appellant.

Timothy P. Wile, Asst. Counsel In Charge of Appellate Section.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Donna L. Porter (Porter) appeals from an order of the Court of Common Pleas of Allegheny County which affirmed the Department of Transportation, Bureau of Driver Licensing's (DOT) three month suspension of her vehicle registration pursuant to Section 1786(d) of the Vehicle Code (Code), 75 Pa.C.S. § 1786(d). We affirm.

On September 16, 1992, DOT suspended Porter's registration privilege on her 1981 Chevrolet Coupe for three months, as a result of Nationwide Mutual Insurance Company (Nationwide) notifying DOT that the motor vehicle liability insurance policy covering that vehicle had terminated on June 4, 1992.[1] Porter filed an appeal petition from the notice to the trial court which held a *de novo* hearing on December 9, 1992.

At the hearing, DOT presented a packet of documents including a certified copy of Porter's driving record and a written communication from Nationwide confirming the insurance company's cancellation of Porter's liability insurance.[2] Porter testified that she had applied for coverage from Nationwide through an agent who assured her that coverage had been provided. A short time later, Nationwide notified Porter

---

1. DOT sent Porter an official notice of suspension of registration privilege for failure to provide proof of financial responsibility. We have found past versions of DOT's notice to motorists to be interlocutory and not final, appealable orders. *See Department of Transportation v. Andrews*, 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991). However, DOT has cured these defects and the notice sent to Porter read:

   > You were recently requested to provide proof of financial responsibility covering the operation of the described motor vehicle. This information was requested as a result of this bureau being notified by Nationwide Mutual Insurance Co. that the insurance policy covering the vehicle was terminated on 6–4–92. Either no response was received or the information you provided indicated a lapse in coverage in excess of 21 days.
   > You must comply with the following instructions:
   > 1. Your registration privilege will be suspended for three months effective 9–16–92 at 12:01 a.m. as authorized by Section 1786(D) of the Vehicle Code.
   > 2. You will be required to return your current registration card and license plate.
   > 3. You will be required to pay a restoration fee in the amount of $50.00, to the department in accordance with Section 1960 of the Vehicle Code.
   > 4. If you do not comply with this notice, the bureau will refer this matter to the Pennsylvania State Police for prosecution under Vehicle Code Section 1376(A).

   We find this version of the notice sent by DOT to Porter to be a final, appealable order.

2. 42 Pa.C.S. §§ 6103 and 6109 allow certain documents or copies thereof to be introduced into evidence under the seal of the public officer whose official duties concern the governmental unit in question.

of a cancellation of coverage for failure to provide proof of prior insurance. Porter claimed that the notice of cancellation from Nationwide was caused by a "misunderstanding" between her and the insurance company; however, the Nationwide cancellation remained in effect. Porter further attributed the lapse in her insurance coverage to personal problems associated with a recent divorce.

The trial court entered an order denying Porter's appeal on the basis that she had failed to meet the statutory exceptions provided for in Section 1786(d).

Porter now appeals,[3] arguing that this Court should craft a judicial exception to 75 Pa.C.S. § 1786 for individuals who rely in good faith on their insurance agents' assertions that coverage, necessary to meet the vehicle financial responsibility requirements, has been provided.[4]

3. The scope of review of this Court on appeal from a trial court is limited to determining whether the findings of fact are supported by competent evidence of record, an error of law was committed, or whether the trial court manifestly abused its discretion. *Department of Transportation v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984).

4. 75 Pa.C.S. § 1786 provides in pertinent part:

**§ 1786. Required financial responsibility.**
   **(a) General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

                    *       *       *       *       *       *

   **(d) Suspension of registration and operating privilege.**—The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.... This subsection shall not apply in the following circumstances:
   (1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.
   (2) The owner or registrant is a member of the armed services of the United States, [and] financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the

In a challenge of a final order suspending a vehicle registration, DOT has the initial burden of showing that a lapse in the required financial responsibility had occurred. *Andrews.* In order to sustain its burden of proof, DOT must establish: (1) that the vehicle in question is of a type required to be registered in the Commonwealth; and (2) that the required automobile liability insurance has been cancelled or otherwise terminated. *Department of Transportation, Bureau of Driver Licensing v. Riley,* 150 Pa.Commonwealth Ct. 259, 615 A.2d 905 (1992).[5] Once DOT has established its prima facie case, the burden shifts to the registrant who must prove that he/she met one of the exceptions contained in subsections 1786(d)(1) or (2). *Andrews.*

It is undisputed that Porter's vehicle must be insured in this Commonwealth. Furthermore, DOT presented uncontroverted evidence to the trial court that Porter's coverage had lapsed effective June 4, 1992 and that replacement insurance was not effective until August 15, 1992. Moreover, Porter does not dispute that she does not qualify under the statutory exceptions provided for in Section 1786(d). Instead, she contends that this Court should create an additional exception to Section 1786(d) for those who rely upon their insurance agents' assertions of coverage when, in fact, coverage has lapsed or does not exist.[6] We do not agree.

Courts have no authority to add additional language to a statute when the statute is clear and unambiguous. *In re: King Properties,* 145 Pa.Commonwealth Ct. 139, 602 A.2d 486 (1992). It is within the sole province of the legislature to establish exceptions to Section 1786(d) of the Code. As the legislature chose not to include an exception for registrants

vehicle was not operated during the period of lapse in financial responsibility.
75 Pa.C.S. § 1786.

5. *Overruled on other grounds,* 154 Pa.Commonwealth Ct. 118, 623 A.2d 369 (1993).

6. The case at bar is distinguishable from Judge Pellegrini's recent decision in *Department of Transportation v. Marpoe,* 157 Pa.Commonwealth Ct. 603, 630 A.2d 561 (1993) because *Porter* does not challenge the propriety of the penalty imposed by Section 1786(d) of the Code.

who rely upon the assertions of their insurance agents that coverage has been provided, we are not free to do so.

Moreover, this Court has considered this same issue under another section of the Code. In *Department of Transportation v. Hill*, 117 Pa.Commonwealth Ct. 160, 543 A.2d 211 (1988), DOT suspended Hill's motor vehicle license for failing to have liability insurance at the time of an accident. Before the trial court, Hill testified that he had instructed his insurance agent to place his car on his insurance policy and thought that the agent had done so. Hill was unaware that this had not been done until DOT suspended his license. The trial court held that Hill's violation of Section 1785 of the Code, 75 Pa.C.S. § 1785, should be excused because the lapse was not Hill's fault and he had acted responsibly and in good faith in attempting to obtain insurance. On appeal to this Court, we reversed holding that the trial court could not reverse DOT or modify the penalty imposed because of the possible unfairness or inequity of the results.

Further, even if it was within our power to do so, we refuse to craft any additional exceptions to Section 1786 because we continue to agree with the rationale behind the requirement of financial responsibility set forth in *Riley*, which is to provide for a minimal level of compensation for victims of motor vehicle accidents.

As the trial court pointed out at the hearing, Porter may have a tort claim against her insurance agent; however, based upon the plain language of the statute, there is nothing to prevent suspension of her registration for the statutorily mandated three month period.

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of August, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.