Sheila M. JOHNSON

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2002.

Decided Feb. 20, 2003.

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

Before COLINS, President Judge, SMITH–RIBNER, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT), appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained Sheila Johnson's (Licensee) license suspension appeal. We affirm.

On November 14, 2001, Licensee received a notice from DOT informing her that she was recently asked to provide proof of insurance for her vehicle and that, because she failed to provide such notice, her vehicle registration was being suspended for three months, effective December 19, 2001. Licensee appealed to the trial court, which held a hearing on February 28, 2002.

At the hearing, DOT entered the following into evidence: a letter to Licensee informing her of the three-month suspension and an electronic transmission from Farmer's New Century Insurance (Farmer's) showing that Licensee's policy was cancelled on September 27, 2001. After these documents were admitted into evidence, DOT rested its case. Then, in support of her appeal, Licensee testified that she received notice from Farmer's that her automobile insurance would be cancelled on September 27, 2001. On October 1, 2001, Licensee sent Farmer's a check to pay for her insurance, and Farmer's cashed that check. Licensee presented the cancelled check to the trial Judge for him to review. (N.T. 2/28/02, p. 4). However, on October 22, 2001, Farmer's returned Licensee's insurance payment and informed her that her cancellation was still in effect. Licensee was financially unable to purchase new insurance immediately.

However, on October 31, 2001, Licensee purchased insurance from Progressive Insurance Company (Progressive). With regard to whether Licensee drove her car while her insurance coverage was cancelled, the following exchange took place:

Licensee: When I received the check back from [Farmer's] on October 22nd, I got on the phone that night and called the insurance company, but I couldn't purchase insurance for that check, and I didn't have enough money to purchase it, and I was over the 30 day limit by four days, and I got it on October 31st with Progressive, because I was paid on October 31st, and I have a letter that I showed to PennDOT showing I didn't move my car because I use my bus pass. I use the car in the evening and weekends, and I had it notarized and mailed, but they said there would be no exceptions and I had to give up my registration.

DOT's attorney: Your testimony is that you didn't drive the vehicle from October 27th to November 1st? Is that what you are saying?

Licensee: For most of the month of October I didn't know I was cancelled, but from October 22nd until October 31st I didn't move my vehicle.

(N.T. 2/28/02, pp. 4–5).

■ At her hearing, the trial Judge sustained Licensee's appeal. On May 7, 2002, the trial court issued an opinion is support of the trial Judge's decision.[1] The trial court stated that Licensee testified that she sent her check to Farmer's, who cashed the check, and that this testimony was accepted as credible. Because DOT did not present any evidence to rebut this

1. The case was re-assigned due to the death of the trial Judge who presided over the hearing.

testimony, the trial court concluded that DOT failed to sustain its burden of proof. The trial court further stated that "DOT elected not to buttress it prima facie case with other more trustworthy evidence and therefore as between the cases of DOT and [Licensee], [Licensee] presented a more credible case." Therefore, the trial court determined that the effective date of the cancellation was October 22, 2001 rather than September 27, 2001 and that the lapse in insurance coverage was for nine days rather than 34 days. With regard to DOT's argument that Licensee was improperly attempting to collaterally attack the cancellation of her insurance, the trial court stated that "... [Licensee] is not collaterally attacking the cancellation ... [Licensee's] challenge is not aimed against Farmer's ... but against DOT and the evidence that DOT submitted to carry its burden of proof ... [Licensee] is very simply saying that DOT's evidence is incorrect and the electronic transmission is not credible because the information contained therein does not in fact state the truth. She is also saying that her testimony, which refutes the information in the electronic transmission, is the truth and should be believed ... [Licensee] in this case proved to the satisfaction of Judge Dauer that the cancellation occurred, on October 22, 2001, and that [Licensee] insured within nine (9) days and did not operate or permit the operation of the vehicle during these nine (9) days ..." DOT's appeal followed.[2]

On appeal, DOT argues that: 1) the trial court erred in determining that Licensee was not improperly collaterally attacking

the cancellation of her insurance and 2) the trial court erred in sustaining Licensee's appeal because the documents introduced into evidence by DOT and Licensee's own testimony establish that her insurance coverage lapsed and that Licensee drove her car during this period of time.

■ Section 1786 of the Vehicle Code provides, in relevant part, that:

(d) Suspension of registration and operating privilege.—*The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter* ... This subsection shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days *and* that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

. . .

(e) Obligations upon termination of financial responsibility.—

(1) An owner of a motor vehicle who ceases to maintain financial responsibility on a registered vehicle shall not operate or permit operation of the vehicle in this Commonwealth until proof of the required financial responsibility has been provided to the Department of Transportation.

75 Pa.C.S. § 1786(d) (emphasis added). Furthermore, with regard to the presenta-

---

2. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion in com-

ing to a decision. *Department of Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), *petition for allowance of appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994).

tion of evidence by DOT, Section 1377(b) of the Vehicle Code provides that:

> (b) Documentation.—In any proceeding under this section, documents received by the department from a court or from an insurance company shall be admissible into evidence to support the department's case. In addition, if the department receives information from a court by means of electronic transmission or from an *insurance company which is complying with its obligation under Subchapter H of Chapter 17 (relating to proof of financial responsibility )* by means of electronic transmission, it may certify that it has received the information by means of electronic transmission, and *that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.*

75 Pa.C.S. § 1377(b). Once DOT establishes its prima facie case, the burden shifts to the licensee who must prove that one of the exceptions contained in Section 1786(d) has been met. *Department of Transportation, Bureau of Driver Licensing v. Porter,* 157 Pa.Cmwlth. 645, 630 A.2d 945, 947 (1993).

In support of its argument that Licensee was improperly collaterally attacking the cancellation of her insurance, DOT cites *Department of Transportation, Bureau of Driver Licensing, v. Riley,* 150 Pa.Cmwlth. 259, 615 A.2d 905 (1992), *overruled on other grounds,* 154 Pa.Cmwlth. 118, 623 A.2d 369 (1993) and *O'Hara v. Department of Transportation, Bureau of Motor Vehicles,* 691 A.2d 1001 (Pa.Cmwlth.1997), *affirmed per curiam,* 551 Pa. 669, 713 A.2d 60 (1998). *See also Cain v. Department of Transportation, Bureau of Driver Licensing,* 811 A.2d 38 (Pa.Cmwlth.2002). In *Riley,* this Court held that:

> [b]y asserting that she did not receive notice of the cancellation of her policy with Reliance, Riley [the licensee] is essentially maintaining that the suspension of her vehicle is Reliance's fault and that Reliance's actions were in violation of the insurance code. If true, Riley's claim would be the proper subject of a proceeding before the Insurance Department under 40 P.S. § 1008.8. However, *such a challenge is not the proper subject of an appeal from DOT's suspension of her registration.*

*Riley,* 615 A.2d at 909. Additionally, in *O'Hara,* this Court held that:

> As in *Riley,* we recognize that, *where an insured believes that an insurer has improperly terminated insurance coverage, the insured has an exclusive remedy to challenge the cancellation under the Insurance Act.* If the insured does not challenge the termination of insurance, the insured has waived that issue. However, if the insured makes the challenge and prevails against the insurer, DOT may not suspend the insured's vehicle registration.

*O'Hara,* 691 A.2d at 1004.

In this case, Licensee never alleged or implied that Farmer's improperly cancelled her insurance. Rather, Licensee's contention was that her insurance was not cancelled until a later date and she presented evidence, in the nature of the cancelled check and her own testimony, to attempt to prove that her insurance was not cancelled until October 22, 2001 and that therefore her lapse in insurance coverage was for less than 31 days. Therefore, we agree with the trial court that Licensee's argument was with DOT, which insisted that Licensee violated Section 1786(d)(1) of the Vehicle Code by failing to

maintain insurance coverage for more than 31 days and by driving her vehicle without insurance coverage. Having resolved this issue, we must now determine whether Licensee did in fact prove that she was without insurance coverage for less than 31 days and that she did not drive her vehicle without insurance coverage.

Again, DOT cites to the *Riley* case in support of its position. In *Riley*, DOT suspended Riley's registration for failure to maintain insurance coverage and Riley appealed to the trial court. At the hearing, DOT presented evidence that the insurance company sent a notice to Riley informing her that she failed to pay her insurance premium and that her coverage would be cancelled if payment in full was not received by February 3, 1991. The evidence showed that Riley did mail the insurance company a check. However, the cancelled check was not drawn until five days after the February 3, 1991 cancellation date and was for less than the full amount. Riley also made an additional partial payment on March 4, 1991. The evidence also showed that, in keeping with its standard procedures, the insurance company deposited Riley's checks and then issued its own refund check, attaching notices explaining its reasons for returning the money. Riley testified that she was not aware that her insurance was cancelled until she was informed of this fact by the lienholder on her vehicle sometime in February of 1991. Thereafter, Riley obtained new insurance with another company on March 29, 1991. Additionally, Riley admitted that she failed to carry insurance from January 1, 1991 to March 29, 1991. However, the trial court sustained Riley's appeal because she was unaware of the cancellation and because she acted reasonably and promptly to obtain new insurance coverage. On appeal to this Court, we held

that the trial court improperly incorporated an element of intent into the statute. We further stated that "[w]e hold that the statute here does not excuse Riley's failure to retain proper insurance coverage because the only exceptions available are renewed coverage within 20 days and not driving the vehicle during the uninsured period. This burden is not upon DOT, but is for the registrant to prove. Riley did not meet this burden." *Id.* at 909.

We find the situation in the case now before this Court to be distinguishable from *Riley*. Here, DOT established its prima facie case by presenting evidence that Licensee's insurance was cancelled on September 27, 2001. Then, DOT rested its case. To rebut this evidence, Licensee testified and submitted proof that she sent her insurance payment to Farmer's and that *Farmer's cashed her check*. We believe that this is sufficient to prove that Licensee's insurance was no longer cancelled. Unlike in *Riley*, Licensee paid Farmer's in full and Farmer's cashed her check. DOT presented absolutely no evidence that it is the policy of Farmer's to cash all checks and then issue refunds. Without this evidence, it was reasonable for the trial court to find that, because Farmer's accepted Licensee's payment and cashed her check, her policy was still in effect until October 22, 2001 since refunds are also sent after policies that are in effect are cancelled. Therefore, the trial court's findings were supported by the evidence. When Licensee found out on October 22, 2001 that her insurance was cancelled, Licensee testified that she did not drive her vehicle until she obtained insurance coverage from Progressive, which was only nine days later, and the trial court accepted this testimony as credible. Thus, because Licensee proved that she was without insurance coverage for a peri-

od of less than 31 days and that she did not operate or permit the operation of her vehicle during this period, the trial court did not err as a matter of law by concluding that Licensee sustained her burden of proof.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, February 20, 2003, the order of the trial court docketed at SA 1334 of 01 and dated February 28, 2002 is hereby AFFIRMED.