572 A.2d 1321

**Josephine COSOM, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 1990.

Decided April 9, 1990.

400

Neil Leibman, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Josephine Cosom (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court),

which denied Appellant's appeal from an order of the Department of Transportation, Bureau of Driver Licensing (DOT), which suspended her registration privileges for her vehicle for three months, pursuant to Section 1785 of the Vehicle Code (Code).[1] We affirm.

On January 29, 1988, Appellant's son, while driving Appellant's vehicle, was involved in an accident with another vehicle. Philadelphia Police Officer George Pirrone (Officer) arrived at the scene and, upon requesting registration and proof of insurance from the drivers, found that Appellant's vehicle was not insured. Neither vehicle required towing. A five-year-old female passenger in the other vehicle suffered minor injuries and was taken to the hospital.

Appellant received a notice from DOT that her registration privileges for her vehicle were suspended. Appellant appealed from DOT's order. The trial court granted a supersedeas. After a *de novo* hearing, the trial court denied the appeal and reinstated the suspension.

Appellant appeals to this court. Our scope of review of the trial court's decision is limited to determining whether the court's findings are supported by substantial evidence, whether erroneous conclusions of law have been made, or whether the decision exhibits a manifest abuse of discretion.[2]

The sole issue for our review is whether DOT failed to meet its burden of proving that the accident required notice to the police under Section 3746 of the Code.[3] Appel-

---

1. 75 Pa.C.S. § 1785. This section provides:
   If [DOT] determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, [DOT] shall suspend the operating privileges of the owner, where applicable, and [DOT] shall revoke the registration of the vehicle.

2. *Department of Transportation, Bureau of Driver Licensing v. Williams,* 120 Pa.Commonwealth Ct. 153, 547 A.2d 1301 (1988).

3. 75 Pa.C.S. § 3746. This section provides in pertinent part:

lant cites Officer's testimony that the child in the other vehicle suffered only "minor injuries." Appellant argues that a minor injury does not constitute an injury under Section 3746 and that DOT must present the passenger's hospital records to prove an actual injury.

Nothing in Section 3746 requires that an injury be "serious" or that an individual undergo medical treatment. *Department of Transportation, Bureau of Driver Licensing v. Reuben,* 130 Pa.Commonwealth Ct. 14, 566 A.2d 929 (1989). DOT presented the testimony of Officer who stated that there had been an injury to a five-year-old girl in the other vehicle and that she had been taken to a hospital. We conclude that DOT met its burden of proof.

Accordingly, we affirm.

## ORDER

AND NOW, April 9, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

**(a) General Rule.**—The driver of a vehicle involved in an accident shall ... give notice to the ... police department if the accident involves:
(1) injury or death of any person.