615 A.2d 807

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Monte Allen MORRIS, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 24, 1992.

Decided June 16, 1992.

Publication Ordered Aug. 19, 1992.

William A. Kuhar, Jr., Asst. Counsel, for appellant.

No appearance for appellee.

Before McGINLEY, and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Crawford County which sustained the appeal of Monte Allen Morris (Morris) from the Department's notice of suspension of his operating privilege pursuant to Section 1786(d) of the Vehicle Code [1] (Code).

On July 13, 1990, a patrol car driven by Trooper Peter C. Schaefer of the Pennsylvania State Police (Trooper Schaefer) collided with a three-wheel all-terrain vehicle (ATV) which was owned by Morris and parked along the side of Arrow Drive near Canadohta Lake. Trooper Schaefer issued a citation to Morris for having violated Section 7721 of the Snowmobile and All–Terrain Vehicle Law [2] (ATV Law), which prohibits the operation of an ATV on any street or highway which is not designated for such purposes by the governmental agency having jurisdiction. On July 14, 1990, Corporal Charles R. Amond of the Pennsylvania State Police (Corporal Amond) conducted an investigation of the accident which revealed that Morris' ATV was not registered nor was it insured at the time of the accident.

By official notice dated and mailed on September 24, 1990, the Department notified Morris that his operating privilege was scheduled to be suspended for a period of three months, effective October 29, 1990, pursuant to Section 1786(d) of the

1. 75 Pa.C.S. § 1786(d).
2. 75 Pa.C.S. § 7721.

Code, for failure to produce proof of financial responsibility. Morris appealed the Department's action to the Court of Common Pleas of Crawford County which held a *de novo* hearing on the matter on January 24, 1991. The trial court thereafter, by order dated June 7, 1991, sustained Morris' appeal and set aside the suspension of his operating privilege, based on its determination that Morris' ATV was exempt from registration and thus not subject to Section 1786(a) of the Vehicle Code. The Department filed this appeal.

■ The Department argues that the trial court erred by concluding that Morris' ATV was not required to be registered pursuant to Sections 7714(a)(3) and 7721(c) of the ATV Law thus rendering Section 1786(a) of the Vehicle Code inapplicable. Before we address the merits of the Department's appeal, we must first determine whether the Department's notice of suspension of September 24, 1990 constitutes a final, appealable order appropriate for review by this Court. *See Department of Transportation, Bureau of Motor Vehicles v. Andrews,* 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991). While neither party questions our ability to hear this appeal, "we are obligated to raise jurisdictional questions sua sponte." *Department of Transportation v. Kmetz,* 129 Pa.Commonwealth Ct. 97, 99 n. 4, 564 A.2d 1040, 1041 n. 4 (1989), *petitions for allowance of appeal denied,* 525 Pa. 637, 578 A.2d 931 (1990).

■ "A final order is one that ends the litigation, or alternatively disposes of the entire case and has the practical consequence of putting the litigant out of court." *In re Bangor Memorial Park,* 130 Pa.Commonwealth Ct. 143, 146, 567 A.2d 750, 752 (1989). "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975).

In *Andrews,* 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991), the Department had notified appellees that "[y]our registration privilege will be suspended for three months effective 12/23/1990 at 12:01 A.M. as authorized by Section

1786(D) of the Vehicle Code," for allowing a lapse in their insurance coverage. The notice also informed appellees that they may prevent suspension by furnishing proof of continuous liability insurance coverage for their motor vehicle. This court concluded that the notice was conditional on its face because it provided appellees with an opportunity of averting a suspension by submitting the specified information. Since the notice did not dispose of the entire case or put the appellees out of court, we concluded that it was not a final, appealable order; thus, we concluded that the merits of appellees' appeal were not reviewable by this court.

Similarly, the Department notified Morris that "[y]our driving privilege will be suspended for three months effective 10/29/1990 at 12:01 A.M. as authorized by Section 1786(D) of the Vehicle Code," due to his failure to produce proof of financial responsibility on his vehicle at the time of the accident on 7/13/1990. The notice also informed Morris that he may prevent suspension by submitting a letter from his carrier as proof that his insurance was in effect on the date of the accident. The notice issued to Morris was likewise conditional on its face because it provided him with an opportunity of averting the suspension by submitting the specified information.

■ Any dissimilarities between the notices in *Andrews* and the present case are differences without distinction. Thus, as was the case in *Andrews*, the notice sent by the Department to Morris was not a final, appealable order because it did not dispose of the entire case or put Morris out of court. Accordingly, having determined that a final, appealable order never existed, we are unable to reach the issues raised by the Department on the merits.

## ORDER

AND NOW, this 16th day of June, 1992, the order of the Court of Common Pleas of Crawford County, in the above captioned matter, is vacated. The case is remanded to the Court of Common Pleas of Crawford County with directions to

quash the appeal of Monte Allen Morris as the order of suspension by the Department was not a final order.

Jurisdiction relinquished.