## Baugh v. PennDOT

*Shawn M. Stevenson, assistant counsel,* for PennDOT.
*Wayne H. Port,* for appellant.

FRANKS, *J.,* January 28, 1993—The issue presented us arises from appellant's appeal from vehicle registration suspension. After hearing and due consideration of the testimony and the law we dismiss the appeal.

### BACKGROUND

Appellant's vehicle registration was suspended for three months pursuant to 75 Pa.C.S. §1786(d) for allowing the insurance coverage on the vehicle to lapse for a period in excess of 21 days. After receiving information from Erie Insurance Company that the insurance coverage ceased on April 3, 1992, the Pennsylvania Department of Transportation instituted administrative proceedings to suspend appellant's vehicle registration pursuant to 75 Pa.C.S. §1786(d). Appellant eventually insured the vehicle on June 2, 1992.

Appellant first received notice from PennDOT of the possibility of a registration suspension if proof of insurance was not submitted to PennDOT. No such proof was received by PennDOT, and appellant was

sent an official notice dated July 24, 1992 that the registration would be suspended for three months effective August 31, 1992. The notice further stated that appellant had the right to appeal the suspension within 30 days from the mailing date of the notice. Appellant timely filed the instant appeal on August 21, 1992.

It is undisputed that appellant owned a registered vehicle, but had no insurance coverage from April 4, 1992 until June 2, 1992. Appellant allowed the coverage to cease on April 4, 1992 because he was restoring the vehicle. The uncontradicted testimony revealed that the vehicle was inoperable from that date until June 2, 1992 at which time appellant did insure the vehicle. Appellant argues that because the vehicle was inoperable, no insurance coverage was necessary. Therefore, PennDOT improperly suspended the registration. This appeal followed.

## DISCUSSION

With limited exceptions, only final orders may be appealed. Absent such an order, the reviewing court is without jurisdiction to reach the merits of the case. Our review of the law in preparation for issuing this opinion, has revealed much confusion surrounding the proper time for appeal of a vehicle registration suspension. In particular, the Commonwealth Court held in *PennDOT v. Andrews,* 143 Pa. Commw. 601, 600 A.2d 622 (1991), that PennDOT's notice of suspension was not a final, appealable order.

Commonwealth Court's conclusion was based on its finding that PennDOT's notice of suspension, on its face, was conditional; therefore it could not be appealable as final. The Andrews were advised in the official notice that they could prevent the suspension by submitting specific proof of insurance coverage on

the vehicle for the time PennDOT alleged coverage had lapsed. The court reasoned that because the Andrews could have taken affirmative action to prevent the suspension, as provided for in the official notice, the notice was not final.

We note, however, that the notice received by the Andrews is significantly different from that received by appellant. Apparently, PennDOT has redrafted the official notice of vehicle registration suspension. PennDOT had deleted from the later official notice the paragraph which informed the motorist that the suspension could be prevented if certain documents were submitted to PennDOT as proof of financial responsibility.

This deleted paragraph contained the conditional language which Commonwealth Court in *Andrews* determined made the order nonappealable. Our appellant was also informed that the suspension could be prevented; but, this information was provided him in correspondence which preceded the official notice of suspension.

After thorough review of the official notice in the instant case, we hold that it is a final appealable order. In short, the notice states that appellant was requested to provide proof of financial responsibility, and since appellant did not do so to the satisfaction of PennDOT, his vehicle registration was suspended effective August 31, 1992.

According to the notice, appellant could do nothing at this point in time to prevent the suspension. In fact, PennDOT had given appellant four instructions with which he *had* to comply. (emphasis added) Again, this language differed from the conditional language in *Andrews,* being, "If you do not comply with these in-

structions: 1. Your registration will be suspended effective...."

Even though appellant's registration suspension was not to be effective until August 31, 1992, we hold that the official notice informing appellant of same, is a final determination by PennDOT that the suspension would take place on the given date. Appellant's only recourse to contest the suspension was to file a proper appeal as instructed in the notice. Appellant did properly file the appeal.

Before we address the merits of this case, however, we must strongly suggest that PennDOT review the redrafted notice of suspension to clarify many ambiguities in the notice. For instance, if an appellate court should hold that the notice, as used in the case sub judice, is not a final order, then the appeal period may not begin to run until the effective date of the suspension, as suggested in *Andrews, supra.* If this is so, we find it to be in direct conflict with the paragraph in the notice advising the motorist of his 30 day appeal rights. The notice specifically states that the appeal period begins to run from the mail date of the notice.

While we commend PennDOT for redrafting the notices in an attempt to comply with statutory and case law, we must also recommend that PennDOT simplify and clarify the notices to avoid confusion in future litigation.

Having held we have jurisdiction, we are able to reach the merits of this case.

The Pennsylvania Motor Vehicle Financial Responsibility Law mandates that all currently registered vehicles must be properly insured. If that insurance coverage lapses for a period in excess of 21 days, PennDOT may suspend the vehicle registration. 75 Pa.C.S.

§1786(a), (d). We hold that no exception is made for inoperable vehicles.

The Superior Court in *Allen v. Erie Insurance Co.,* 369 Pa. Super. 6, 534 A.2d 839 (1987), discussed what vehicles must be insured to meet the definition of financial responsibility under 75 Pa.C.S. §1702. The court held that Allen was ineligible to receive first-party benefits because he owned a currently registered, but uninsured vehicle. Allen contended, as does our appellant, that because the vehicle was not being maintained or used and, in fact, was inoperable, he was excused from carrying insurance on the vehicle.

The Superior Court rejected Allen's argument and stated that the condition of the vehicle was irrelevant. If the vehicle was currently registered, the owner must maintain insurance coverage in order to meet the definition of financial responsibility under section 1702. Therefore, Allen was denied first-party benefits under section 1714 due to his failure to have a registered vehicle properly insured.

Relying on that same definition of financial responsibility in section 1702, and the Superior Court's discussion thereof in *Allen,* we find that appellant is not excused from maintaining proper insurance coverage on his inoperable, but registered vehicle. Appellant did not maintain proper coverage from April 4, 1992 until June 2, 1992. Therefore, the vehicle registration was properly suspended pursuant to 75 Pa.C.S. §1786.

Appellant has stated that the suspension will cause him extreme hardship as his vehicle is required for him to commute to Waynesburg College classes. Unfortunately, for appellant, there is no exception under the law because of hardship.

Consistent with this opinion, we enter the following

ORDER

And now, January 28, 1993, it is hereby ordered and directed that appellant's appeal from vehicle registration is dismissed, and the suspension reinstated.