623 A.2d 369

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Terry A. BUSS.

Commonwealth Court of Pennsylvania.

Submitted Feb. 3, 1993.

Decided March 10, 1993.

Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, for appellant.

Donald P. Russo, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and FRIEDMAN, JJ.

SMITH, Judge.

■ The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Lehigh County which sustained Terry A. Buss' appeal from a three-month suspension of her vehicle registration pursuant to Section 1786(d) of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1786(d).[1] The order of the trial court is vacated and this case is remanded to the trial court with directions to quash Buss' appeal.

Section 1786(d) provides:

**(d) Suspension of registration and operating privilege.**—The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the

---

1. This Court's scope of review in an appeal from the suspension of a vehicle registration is limited to determining whether the trial court's findings are supported by substantial evidence, whether erroneous conclusions of law have been made, or whether the trial court committed an abuse of discretion. *Cosom v. Department of Transportation, Bureau of Motor Vehicles,* 132 Pa.Commonwealth Ct. 399, 572 A.2d 1321 (1990).

department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

(2) The owner or registrant is a member of the armed services of the United States. . . .

Buss' insurance carrier terminated her automobile insurance on January 12, 1991 for nonpayment of the premium. On February 20, 1991, her new policy with a different carrier became effective. On June 10, 1991, Buss' first carrier notified DOT that its policy with Buss was cancelled and, as a result, DOT contacted Buss to obtain proof of financial responsibility covering the operation of her vehicle. By notice mailed August 19, 1991, DOT notified Buss that her registration would be suspended for three months effective September 23, 1991 unless she provided evidence that her motor vehicle was continuously covered by liability insurance or, if the insurance had lapsed, that it was for a period of twenty-one days or less and that she did not operate her vehicle during this time. The notice also provided that Buss had thirty days to appeal this suspension.

Buss appealed to the trial court and a de novo hearing was held on November 25, 1991. DOT presented Buss' driving record which included a letter from the first carrier indicating that insurance on Buss' vehicle was terminated as of January 12, 1991. Buss presented the declaration page from her new insurance policy and a financial responsibility identification card which indicates that the new policy became effective February 20, 1991. Buss and three witnesses testified that she did not drive her vehicle during the uninsured period.[2] The trial court held that Section 1786(d) only permits DOT to suspend registrations until the owner furnishes proof that the required coverage has been acquired, and finding that Buss had acquired the appropriate coverage, directed DOT to restore Buss' registration upon submission of an application for registration and payment of the required fee.

On appeal to this Court, DOT acknowledges that Section 1786(d) is far from a model of clarity and is ambiguous but nevertheless contends that the trial court committed an error of law in its interpretation of Section 1786(d) since it should be construed to permit DOT to impose a three-month registration suspension whenever there is a lapse in coverage and to impose a three-month operating privilege suspension if DOT finds that the motor vehicle was in fact operated during the uninsured period.

This Court cannot reach the merits of DOT's argument as the notice which serves as the basis for this appeal is not a final, appealable order. "A final order is one that ends the litigation, or alternatively disposes of the entire case and has the practical consequence of putting the litigant out of court." *In re Bangor Memorial Park,* 130 Pa.Commonwealth Ct. 143, 146, 567 A.2d 750, 752 (1989). In *Department of Transportation, Bureau of Motor Vehicles v. Andrews,* 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991), this Court

---

**2.** Buss does not fit within either exception provided for in Section 1786(d) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1786(d), as she permitted her financial responsibility coverage to lapse for a period of thirty-eight days and did not argue that she was a member of the armed services and entitled to the protection provided by the second exception.

recognized that a similar matter was not properly before the Court as the notice was not a final, appealable order because it provided an opportunity of avoiding suspension and thus did not put the vehicle owner out of court. The *Andrews* notice was consequently deemed to be conditional on its face. *See also Department of Transportation, Bureau of Driver Licensing v. Morris*, 149 Pa.Commonwealth Ct. 70, 615 A.2d 807 (1992) (holding that a similar notice was conditional on its face).[3]

As in *Andrews*, this Court once again holds that DOT's notice of suspension is conditional on its face as it provides Buss an opportunity of avoiding suspension by submitting to DOT evidence that either her motor vehicle was continuously covered by liability insurance or, if the insurance had lapsed, that the lapse was for a period of twenty-one days or less and that she did not operate her vehicle during this time. Moreover, since the notice is conditional, Buss' rights would not have been irreparably lost if review had been postponed until she received actual and final notice of the suspension of her registration privilege.[4] *See Andrews.*

Accordingly, the order of the trial court is vacated and this case is remanded to the trial court with directions that the

---

**3.** In *Department of Transportation, Bureau of Driver Licensing v. Slack*, No. 2221 C.D.1991, filed September 15, 1992, 1992 WL 230200, this Court determined that the same form notice was final pursuant to 42 Pa.C.S. § 933(a)(1)(iii), and proceeded to dispose of the matter on its merits. In addition, in *Department of Transportation, Bureau of Driver Licensing v. Riley*, 150 Pa.Commonwealth Ct. 259, 615 A.2d 905 (1992), this court disposed of a similar matter on its merits without addressing DOT's defective notice. Accordingly, *Slack* and *Riley* are overruled.

**4.** The *Andrews* and *Buss* notices indicate that DOT had previously contacted the respective vehicle owners in an effort to obtain the requested financial responsibility information, and contained a statement regarding the respective vehicle owners' right to appeal. Since DOT has not raised the jurisdictional question of the finality of its order, it is obvious that DOT deemed the form notice to be final and appealable. However, in order for the notice to constitute a final appealable order, the condition must be removed. Alternatively, if DOT does not intend that its notice serve as a final appealable order, the notice should not contain a statement that the vehicle owner must appeal within thirty days of the mail date of the notice.

appeal be quashed. DOT's notice of suspension is null and of no effect to suspend Buss' registration privilege.

## ORDER

AND NOW, this 10th day of March, 1993, the order of the Court of Common Pleas of Lehigh County is vacated and the case is remanded to the Court of Common Pleas of Lehigh County with directions to quash the appeal of Terry A. Buss. The notice of suspension from the Department of Transportation dated September 23, 1991 is null and of no effect to suspend the registration privilege of Terry A. Buss.

Jurisdiction relinquished.

KELLEY, J., did not participate in the decision in this case.