# 236

## Commonwealth v. Balogach

*Susan W. Shenkin, assistant counsel,* for PennDOT.
*John M. Balogach Jr.,* pro se.

McANDREWS, *J.,* May 24, 1993—This matter is before this court, pursuant to Pa.C.S. §1550, on the petitioner's appeal from the order of the Commonwealth of Pennsylvania, Department of Transportation suspending the petitioner's vehicle registration privileges for a period of three months. After a hearing before this court on April 29, 1993, this court sustains the petitioner's appeal from the suspension for a three month period.

The court finds, for the reasons stated below, that: (1) PennDOT's official notice of registration suspension is an appealable order; (2) under the facts of this case PennDOT has the right to suspend the petitioner's motor vehicle registration privilege; and (3) the suspended status shall continue until the petitioner provides PennDOT with an application for registration, the restoration fee of $50, and proof of current and applicable motor vehicle insurance.

Petitioner is John Balogach who resides at 6442 Lewisville Avenue, Bensalem, Pennsylvania. Petitioner owns a motor vehicle. On August 20, 1992, the petitioner's motor vehicle insurance lapsed for nonpayment of the premium. Subsequently, petitioner secured a new policy of insurance to cover the operation of the motor vehicle which became effective October 16, 1992. The total lapse of insurance was a period in excess of 21 days. The petitioner testified that while the vehicle was uninsured, it was not operated. The court accepts this testimony as credible.

On December 1, 1992, petitioner received notice from the Department of Transportation that his registration privileges will be suspended for three months effective January 6, 1993, pursuant to 75 Pa.C.S. §1786(d). Section 1786 of the Code provides in pertinent part as follows:

"(a) General rule.—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility....

"(d) Suspension of registration and operating privilege. —The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility....

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit

238

the operation of the vehicle during the period of lapse in financial responsibility."

On January 19, 1993, the petitioner appealed from the order of the Department of Transportation. His appeal serves as a supersedeas of the official notice of suspension of registration privilege pending determination of this matter by this court on appeal, pursuant to 75 Pa.C.S. §1377.

This case presents three issues. First, whether PennDOT's official notice constitutes a final appealable order. Secondly, whether PennDOT has the right to suspend the registration of a vehicle if it determines that the required financial responsibility lapsed for a period in excess of 20 days, and the vehicle was not operated during the lapse in coverage. Thirdly, whether the proper length of registration suspension is three months.

The Department's notice is a final appealable order. "A final [appealable] order is one that ends the litigation, or alternatively disposes of the entire case and has the practical consequence of putting the litigant out of court." *In Re: Bangor Memorial Park,* 130 Pa. Commw. 143, 146, 567 A.2d 750, 752 (1989). In *PennDOT v. Terry Buss,* 154 Pa. Commw. 118, 623 A.2d 369 (1993), PennDOT appealed from an order of the Court of Common Pleas of Lehigh County which sustained Buss' appeal from a three-month suspension of her vehicle registration pursuant to section 1786(d) of the Vehicle Code. The Commonwealth Court, citing *PennDOT v. Andrews,* 143 Pa. Commw. 601, 600 A.2d 622 (1991), stated that:

"PennDOT's notice of suspension is conditional on its face as it provides Buss an opportunity of avoiding suspension by submitting to PennDOT evidence that either her motor vehicle was continuously covered by

liability insurance or, if the insurance had lapsed, that the lapse was for a period of 21 days or less and that she did not operate her vehicle during this time."

For this reason, the Commonwealth Court vacated the common pleas court's order and remanded the case with directions to quash Buss' appeal, as the notice which served as the basis of Buss' appeal was not a final, appealable order.

Similarly, in *Andrews, supra,* PennDOT's official notice of registration suspension under section 1786(d) which was sent to Andrews provided specific instructions to prevent suspension. The Commonwealth Court, on PennDOT's appeal, reasoned as follows: .

"Applying the definition of a final order to the case at bar, it is clear that the September 18, 1990, notice did not dispose of the entire case or put appellees out of court. Appellees' rights would not have been irreparably lost if review had been postponed until actual notice of suspension of their registration privilege. Obviously, the subject notice provided appellees the opportunity of averting a suspension by submitting the specified information. At the time of their receipt of the notice, appellees were clearly not yet aggrieved parties."

For this reason the Commonwealth Court vacated the common pleas' order sustaining the *Andrews* appeal.

The results in *Buss* and *Andrews* are consistent with section 1377 of the Code, providing for judicial review of the denial or suspension of registration. The *Andrews* court stated:

"[a]ny person whose registration *has been* denied or suspended by the department shall have the right to appeal [within 30 days] to the court vested with jurisdiction of such appeals.... The filing of the appeal

shall act as a supersedeas and the suspension of registration shall not be imposed until determination of the matter as provided in this section. 75 Pa.C.S. §1377. (emphasis added) The language of this section would seem to indicate that at the very least, the appropriate appeal period begins to run from the date of suspension." *Andrews, supra* at 606-607, 600 A.2d at 625.

The official notice of registration suspension provided by PennDOT to petitioner was not conditional. It did not provide directions for avoiding suspension. The notice stated, in material part:

"You were recently requested to provide proof of financial responsibility covering the operation of the described motor vehicle. This information was requested as a result of this bureau being notified by State Farm Fire & Casualty Co., that the insurance policy covering the vehicle was terminated on 8/20/92. Either no response was received or the information you provided indicated a lapse in coverage in excess of 21 days."

The notice further stated that petitioner's registration privilege *will be suspended* for three months effective January 6, 1993, as authorized by section 1786(d). Finally, the notice informed the petitioner of his right to appeal *this suspension.* On its face, the notice manifests PennDOT's final, appealable decision to suspend the petitioner's registration privilege. The petitioner need not wait idly until his suspension is actually suspended in order to appeal from PennDOT's final decision. The court, therefore, finds that the notice is a final appealable order.

On the issue of PennDOT's right to suspend a motorist's registration, "[a]ssuming there had been a final order issued by the Department, and assuming the Department met its initial burden of showing a lapse in the required financial responsibility, appellees would

then have the burden of establishing that they met one of the exceptions contained in subsections (1) and (2)" of section 1786(d). *Andrews, supra,* at 608, 600 A.2d at 625 *(revs'd on other gnds).* Here, PennDOT did issue a final order and met its initial burden of showing a lapse in coverage. Therefore, the burden shifts to the petitioner to establish that he meets one of the exceptions.

The exception codified in section 1786(d)(1), *supra,* provides for an avoidance of all penalties if "the lapse in financial responsibility coverage was for a period of less than 21 days *and* that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa.C.S. §1786(d)(1) (1991) (emphasis added). Here, the petitioner proved that his vehicle was not operated during the lapse in financial responsibility. However, the lapse in financial responsibility began on August 10, 1992, and continued for a period of more than 20 days. Therefore, the petitioner is not able to prove both conditions required by (d)(1) in order to avoid the penalties of section 1786. For this reason PennDOT has the right to suspend the petitioner's vehicle registration privilege. The question then becomes one of the length of the suspension period.

On the issue of the period for which PennDOT may suspend motorist's registration privilege, this court adopts the reasoning and conclusions set forth by the Court of Common Pleas of Dauphin County in *Koch v. PennDOT,* 13 D.&C.4th 97 (1991). The facts in *Koch* are similar in all material aspects to the instant case. In *Koch,* the plaintiff allowed his motor vehicle insurance to lapse as of March 11, 1991. This gap in coverage lasted for more than 21 days. PennDOT declared that his registration privileges must be suspended

for a period of not less than three months. PennDOT's decision remained unaffected by the fact that the plaintiff allegedly secured proper insurance for his vehicle, effective June 10, 1991. The plaintiff appealed PennDOT's suspension, contending that "as long as the vehicle under discussion has not been operated during the period of non-coverage, ... the only requirements for a reinstatement ... are the provision, by the driver, of proof of insurance and the payment of the $50 reinstatement fee." *Koch, supra* at 100. The Commonwealth Court agreed, stating:

"The knothole in the statute that appears to have given rise to the difference of opinion in the case at bar is the incorporation of two separate penalties within the single opening sentence of 75 Pa.C.S. §1786(d)—the right to suspend a motorist's *registration* if he fails to maintain financial responsibility, and the second, and distinct, power to suspend his *operating* privileges for three months if he operates his vehicle, or allows it to be operated, without insurance coverage. The latter penalty is the only one to which the three-month period applies; and we see nothing in the statute's language that indicates that this time limit can be, or was meant to be, transferred to any other sanction. This determination to maintain a distinction between these two penalties is further underlined by the fact that the second sentence of section 1786(d) provides for the method of reinstating one's operating privileges while the third sentence sets forth a parallel, but separate, approach to securing a restoration of one's registration. Since this statute was drawn to allow for the fact that one can allow one's insurance to lapse, without compounding the offense by driving the uninsured vehicle in the interim, it would blur the legislative purpose of this law if we were to treat those two transgressions as interchangeable." *Koch, supra* at 100-101.

Upon PennDOT's suspension of a motorist's *registration* privileges, the suspended status will continue

until the motorist provides PennDOT with an application for registration, the restoration fee of $50, and proof of current and applicable motor vehicle insurance.

Accordingly, we enter the following:

ORDER

And now, May 24, 1993, we sustain the petitioner's appeal from the Department of Transportation's imposition of a three-month period of suspension of his registration privileges. The Commonwealth of Pennsylvania, Department of Transportation, is ordered and directed to reinstate the registration upon submission of an application for registration, together with the restoration fee of $50, and proof of current and applicable motor vehicle insurance.