**DAILY EXPRESS, INC., Petitioner,**

v.

**OFFICE OF the STATE TREASURER, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Oct. 17, 1996.

James L. Fritz, for Petitioner.

Sonia M. Walwyn, Deputy General Counsel, for Respondent.

Before FRIEDMAN and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Daily Express, Inc. (Daily Express) appeals from an order of the Office of the State Treasurer, Unclaimed Property Review Committee (Committee), revising the Office of Unclaimed Property's (OUP) Summary of Findings with respect to an examination of the books and records of Daily Express under section 1301.23 of The Fiscal Code (Fiscal Code).[1]

Because Daily Express, a Pennsylvania trucking company, failed to consistently file annual reports of abandoned and unclaimed property pursuant to section 1301.11 of the Fiscal Code,[2] OUP performed an examination of the books and records of Daily Ex-

press for the period from 1961 through 1986. The examination identified abandoned and unclaimed property as follows: (1) outstanding accounts payable in the amount of $44,216.70; and (2) credit balance accounts receivable in the amount of $133,241.78.

On September 30, 1994, OUP presented Daily Express with the results of its audit in the form of a Summary of Findings. Pursuant to 61 Pa.Code § 951.4,[3] Daily Express filed a petition for review and requested a hearing before the Committee. Daily Express alleged in its petition that the Summary of Findings did not comply with Generally Accepted Auditing Standards (GAAS) and was contrary to law in several respects.

At the hearing, Daily Express made certain representations to the Committee; as a result, the Committee permitted Daily Express to submit additional documentation, provided that Daily Express did so within 14 days of the hearing. Daily Express provided the materials as required.

Upon completion of its review, the Committee concluded that, because the period from 1961 through 1972 was outside the 15-year statute of limitations, OUP had erred in projecting a reporting deficiency for those years. The Committee also determined that OUP erred by including a particular accounts receivable credit in the audit's test projection. In all other respects, the Committee approved OUP's audit.

Daily Express now appeals to this court; however, as a threshold matter, Daily Express argues that this court lacks subject matter jurisdiction over appeals from orders

---

1. Section 1301.23 of the Fiscal Code, Act of April 9, 1929, P.L. 343, added by section 5 of the Act of December 9, 1982, P.L. 1057, 72 P.S. 1301.23, provides as follows:

    If the secretary has reason to believe that any holder [of abandoned or unclaimed property] has failed to report property that should have been reported pursuant to this article, the secretary may, at reasonable times and upon reasonable notice, examine the records of such person with respect to such property.

2. Section 1301.11 of the Fiscal Code, *as amended*, added by the Act of December 5, 1982, P.L. 1057, 72 P.S. 1301.11, states in pertinent part:

    (a) Every person holding [abandoned or unclaimed] property which became subject to custody and control of the Commonwealth under this article during the preceding year shall report to the secretary as hereinafter provided.

3. This regulation states that petitions for review of abandoned and unclaimed property summary of findings shall be filed within 90 days after the mailing date of the abandoned and unclaimed property summary of findings, and, if not filed, the summary of findings will be deemed to be a final demand due and payable within 60 days thereafter. 61 Pa.Code § 951.4.

of the Committee. We agree.[4]

Daily Express filed its Petition for Review to this court under section 1301.21 of the Fiscal Code[5] and, in the alternative, under article V, section 9 of the Pennsylvania Constitution,[6] section 763 of the Judicial Code,[7] and Rule 1511 of the Pennsylvania Rules of Appellate Procedure.[8] We shall examine each in turn.

■ Section 1301.21 of the Fiscal Code, 72 P.S. § 1301.21 (emphasis added), states that any person aggrieved by a governmental decision pertaining to a *claim* "may commence an action in the Commonwealth Court to establish [the] *claim.*" This section does *not* establish a statutory right of appeal to the Commonwealth Court from a Committee review of an OUP audit. Rather, section 1301.21 of the Fiscal Code provides a procedure for aggrieved persons who have claimed an interest in abandoned or unclaimed property which has been paid or delivered to the Commonwealth. *See* Sections 1301.19 and 1301.20 of the Fiscal Code, added by the Act of December 5, 1982, P.L. 1057, 72 P.S. §§ 1301.19–1301.20. Because Daily Express has *not* claimed an interest in property paid or delivered to the Commonwealth, section 1301.21 of the Fiscal Code does not apply here.

■ Section 763 of the Judicial Code, 42 Pa.C.S. § 763, in conjunction with article V, section 9 of the Pennsylvania Constitution and Rule 1511 of the Pennsylvania Rules of Appellate Procedure, provides that the Commonwealth Court shall have exclusive jurisdiction of appeals from "final orders" of government agencies. Daily Express argues that the Committee's decision here does not constitute a "final order." We agree.

■ Rule 341(b) of the Pennsylvania Rules of Appellate Procedure defines "final order," in relevant part, as any order that disposes of all claims. Moreover, we have held that a "final order" is one that ends the litigation or, alternatively, disposes of the entire case and, as a practical consequence, puts the litigant out of court. *Department of Transportation, Bureau of Motor Vehicles v. Andrews*, 143 Pa.Cmwlth. 601, 600 A.2d 622 (1991). Whether an order is final cannot necessarily be ascertained from the face of the decree alone, nor simply from the technical effect of the adjudication; rather, the finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. *Id.* An order is "final" if it precludes a party from presenting the merits of the case to a lower court. *Id.*

Here, the Committee's order states only that it is the "final demand" for payment.[9]

4. Daily Express raises other issues pertaining to jurisdiction and the merits; however, because we conclude that this court lacks jurisdiction here, we will not address those matters.

5. *Section 1301.21 of the Fiscal Code, added by the Act of December 5, 1982, P.L. 1057, 72 P.S. § 1301.21 (emphasis added), provides in pertinent part as follows:*
   Any person aggrieved by a decision of the secretary or as to whose *claim* the secretary has failed to act within ninety (90) days *after the filing of the claim*, may commence an action in the Commonwealth Court to establish his *claim....*

6. Article V, section 9 of the Pennsylvania Constitution (emphasis added), states:
   There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or *from an administrative agency to a court of record or to an appellate court,* the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

7. Section 763 of the Judicial Code, 42 Pa.C.S. § 763 (emphasis added), provides in pertinent part as follows:

   (a) **General rule.**—Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from *final orders of government agencies* in the following cases:
   (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) *or otherwise* and including appeals ... from any ... Commonwealth agency having Statewide jurisdiction.

8. Rule 1511 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1511, provides that a party seeking review of a governmental determination must file a timely petition for review with the appellate court.

9. According to 61 Pa.Code § 951.6, the Committee's final decision and order constitutes the *final demand for payment and delivery of abandoned and unclaimed property,* and it is payable within

(R.R. at 131a.) This is not the same as a "final order." As a practical matter, it does not put Daily Express out of court; indeed, if Daily Express fails to pay or deliver the specified abandoned and unclaimed property within 60 days, the Commonwealth may commence a proceeding to enforce its final demand in a court of appropriate jurisdiction under section 1301.24 of the Fiscal Code.[10] In that action, the Pennsylvania Rules of Civil Procedure shall apply, including those pertaining to discovery. 72 P.S. § 1301.24. Thus, during the enforcement proceeding, Daily Express will have a full opportunity to be heard on the merits.

Because of these ramifications of the Committee's final demand for payment, that demand is not a "final order," and, thus, this court lacks jurisdiction to hear Daily Express' appeal therefrom. Accordingly, the appeal is dismissed.

### *ORDER*

AND NOW, this 17th day of October, 1996, the Petition for Review filed by Daily Express, Inc. is dismissed for lack of jurisdiction.

---

60 days thereafter under section 1301.13 of the Fiscal Code, added by the Act of December 5, 1982, P.L. 1057, 72 P.S. § 1301.13.

10. Section 1301.24 of the Fiscal Code, added by the Act of December 5, 1982, P.L. 1057, 72 P.S. § 1301.24 (emphasis added), states in pertinent part as follows:
   (a) If any person refuses to ... deliver property to the [Commonwealth] as required under this article, *the Commonwealth shall bring an*

*action in a court of appropriate jurisdiction* to enforce ... delivery. In any such action the Pennsylvania Rules of Civil Procedure shall apply, including without limitation those pertaining to discovery.

Under sections 761 and 931 of the Judicial Code, 42 Pa.C.S. §§ 761 and 931, the Commonwealth Court and the courts of common pleas have concurrent original jurisdiction of civil actions or proceedings brought by the Commonwealth.