In re CONDEMNATION OF EASEMENT AND RIGHT OF WAY ACROSS LANDS OF Rosemarie K. CHRISTIANSON by UGI Utilities, Inc., For Public Purposes.

Appeal of UGI Utilities, Inc.

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2002.

Decided Jan. 8, 2003.

Kevin T. Fogerty, Allentown, for appellant.

No appearance entered on behalf of appellee.

BEFORE: FRIEDMAN, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

UGI Utilities, Inc. (UGI) appeals from the June 5, 2002 order of the Court of Common Pleas of Lebanon County (trial court) granting the petition of Rosemarie K. Christianson (property owner) to strike UGI's appeal from an award of the Board of Viewers (Board). We reverse.

UGI, a public utility, sought an easement for the construction of a gas pipeline across a portion of the property owner's land [1] by filing with the trial court a notice of intent to present a condemnation petition and bond pursuant to the procedures set forth in the Eminent Domain Code (Code).[2] The property owner filed a petition requesting the appointment of viewers and the trial court appointed the Board to determine just compensation for the condemnation.

On November 30, 2001, after viewing the property and conducting a condemnation hearing, the Board awarded the property owner $12,000.00 in damages. Thereafter, the Board submitted a bill of services in the amount of $900.00. By order dated December 3, 2001, the trial court approved the Board's fee and ordered the Lebanon County Board of Commissioners (County) to pay the Board.

UGI timely appealed the Board's award on December 17, 2001 and paid the standard $90.50 filing fee to the Prothonotary of Lebanon County (Prothonotary). Subsequently, at the direction of the Lebanon County Court Administrator and the trial court, the Prothonotary informed UGI that before its appeal could be perfected, it was required to pay a $900.00 fee (fee) to reimburse the County's costs in paying the Board's fee.[3] UGI objected to the fee on

---

1. The land is located in North Cornwall Township, County of Lebanon, Pennsylvania.

2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

3. This was the first time that such a fee had

the basis that it was not authorized by law. After exchanging correspondence with the trial court, UGI refused to pay the fee.

The property owner filed a Petition to Strike UGI's appeal on March 15, 2002, which the trial court granted on June 5, 2002 on the ground that the appeal was not perfected. Consequently, the Board's award was finalized without addressing the merits of UGI's appeal.[4]

The issue before this Court is whether the trial court erred in imposing the fee that required UGI to reimburse the County for the Board's costs in order to perfect its appeal from the Board's award.[5] We review a trial court's order granting a petition to strike an appeal for an abuse of discretion or error of law. *Weinhold v. Brecknock Tp. Zoning Hearing Board*, 160 Pa.Cmwlth. 462, 635 A.2d 244 (1993).

As UGI contends, there is no statute authorizing the fee. The Code is in-tended to provide the exclusive procedure and law governing all condemnations of property, including assessments of damages therefore. *Gilyard v. Redevelopment Auth. of Philadelphia*, 780 A.2d 793 (Pa. Cmwlth.2001). It contains no provision requiring payment of a fee in order to perfect an appeal to a trial court from a board of viewers' award.[6]

Similarly, there is no state or local court rule authorizing the fee. The trial court imposed the fee on the basis of judicial economy, likening it to Section 7361(d) of the Uniform Arbitration Act (UAA),[7] which requires a party appealing to the common pleas court from a compulsory arbitration award to pay the compensation of the arbitrators before the appeal can be perfected. We believe, however, that the Legislature would have included similar language in the Code had it intended an appealing party to compensate the viewers' costs in condemnation proceedings before the appeal can be perfected.[8]

---

been implemented by the trial court.

**4.** Several jurisdictional matters must initially be addressed. First, we note that UGI's notice of appeal to this Court was filed on June 24, 2002 and final judgment on the trial court's order was not entered until December 5, 2002. Although we do not possess jurisdiction over a matter until final judgment has been entered, our jurisdiction will be perfected where, as here, final judgment is entered during the pendency of the appeal. *Mrozek v. Eiter*, 805 A.2d 535 (Pa.Super.2002).

Next, we consider whether the trial court's order meets the test for finality. An order is final if it disposes of all claims and of all parties to the litigation. Pa. R.A.P. 341(b)(1); *Daily Express, Inc. v. Office of the State Treasurer*, 683 A.2d 963 (Pa.Cmwlth.1996). The trial court's order, which effectively made the Board's award final, disposed of all claims between the parties. We conclude, therefore, that the order in question is final and appealable.

**5.** The property owner contends that UGI's refusal to pay the fee was merely a delay tactic and that the trial court was warranted in striking UGI's appeal. She takes no position, however, regarding the validity of the fee.

**6.** The trial court concedes that the County must initially pay all costs related to the Board's responsibility in condemnation proceedings, i.e. viewing the property, holding a hearing and issuing a report, but believes that it is authorized to require reimbursement of those costs by any party who *appeals* the Board's determination.

**7.** 42 Pa.C.S. § 7361(d). *See also* Pa. R.C.P. No. 1308(a)(2).

**8.** UGI further argues that the fee violates Section 1 of the Act of November 26, 1982, P.L. 744, *as amended*, 42 P.S. § 21071 (setting forth the fees that common pleas court prothonotaries in home rule counties and counties of the second class A and the third to eighth class, including Lebanon County, may charge and providing that no other fees shall be payable after an action has been com-

There is no statutory authority, state rule, or local rule of court permitting the trial court to require a party appealing from a board of view determination under the Code to pay a fee covering the board's costs in order to perfect the appeal. Therefore, we find that the trial court committed an abuse of discretion in striking UGI's appeal for failure to pay the fee. The order is reversed and the matter is remanded for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 8th day of January, 2003, the June 5, 2002 order of the Lebanon County Court of Common Pleas striking the appeal of the Board of Viewers' decision is hereby REVERSED and the matter is REMANDED for further proceedings consistent with the foregoing opinion. The appeal of UGI Utilities, Inc. is deemed timely filed as of December 17, 2001 and is hereby reinstated.

Jurisdiction relinquished.

menced unless otherwise specified). UGI contends that this provision prohibits the trial court from imposing additional fees, including the fee at issue here, once eminent domain proceedings have been formally commenced. The trial court determined that the purpose of this statute is to regulate the operational fees necessary to maintain county prothonotary offices, not to limit judicial discretion in the area of local court administration. Although we do not base our decision on this argument, we note that even if imposition of the fee could be considered an appropriate exercise of judicial discretion, the Lebanon County Court of Common Pleas did not adopt the fee in accordance with the requirements of Pa. R.C.P. 239, which specifies the procedure required to adopt any local rule of court.